IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>BISHOP<br>      Debtor. | Bankruptcy Case No. 12-50912 (BLS) |
| ROMIE DAVID BISHOP,<br><br>      Appellant,<br><br>      v.<br><br>FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION, INC., et al.,<br><br>      Appellees. | Civil Action No. 15-284-RGA |

**MEMORANDUM ORDER**

Appellant filed a motion entitled, "Request to Re-Consider D.I. No. 23." (D.I. 24).

To grant Appellant's motion, I must find, in my discretion, that Appellant demonstrated one of the following: a change in the controlling law, a need to correct a clear error of law or fact or to prevent manifest injustice, or availability of new evidence not available when the judgment or order was granted. Motions for reargument or reconsideration may not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided. *Apeldyn Corp. v. AU Optronics Corp.*, 2011 WL 6357773, *1 (D. Del. Dec. 19, 2011).

Appellant does not raise any new arguments. He merely repeats his earlier arguments. His arguments are not any better now than they were before. When he makes a new variation on

an old argument, the new variation is not persuasive. For example, he states that "[t]he October 1, 2015 Transcript was quickly Ordered by a unknown party (name is normally listed) directly after the hearing and appeared on the Docket 11-12338-BLS. Sometime after a court employee removed the request for transcript without notice . . . ." (D.I. 24, p. 2, ¶ 3). I checked the docket for 11-12338, and D.I. 463 reflects a hearing on October 1, 2014 (which is the date I believe Appellant meant), D.I. 462 reflects a request for the transcript, and D.I. 477 is the transcript.

Appellant does not meet the standard for reconsideration, and therefore his request for reconsideration (D.I. 24) is **DENIED**.

Appellant's final sentence might be interpreted as a request for recusal, but he provides no affidavit and no factual assertions that could possibly form the basis for recusal under 28 U.S.C. §§ 144 & 455. Thus, to the extent Appellant has requested recusal, it is **DENIED**.

Finally, Appellant states that he "now only wished to preserve the entire record for his appeal to the Third Circuit Court of Appeals and will not be filing any Brief in this Court, for cause." (D.I. 24, p.2, ¶ 4). As Appellant is aware, his brief was due August 31, 2015. (D.I. 19). He has indicated his firm intention not to file a brief. That would constitute a failure to prosecute, and would be grounds for dismissal of this appeal. Appellant is *pro se*. Therefore, I will give him one more chance. **APPELLANT HAS UNTIL SEPTEMBER 18, 2015, TO SUBMIT HIS BRIEF ON THE MERITS. FAILURE TO DO SO WILL RESULT IN DISMISSAL OF THE APPEAL.**

IT IS SO ORDERED this ___9___ day of September 2015.

Richard G. Andrews
United States District Judge