IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: : | |
| BISHOP : | Bankruptcy Case No. 11-12338 (BLS) |
| Debtor. : | Adv. Pro. No. 12-50912 (BLS) |
| : | |
| ROMIE DAVID BISHOP, : | |
| Appellant, : | |
| v. : | Civil Action No. 15-284-RGA |
| FEDERAL NATIONAL MORTGAGE : ASSOCIATION, INC., et al., : | |
| Appellees. : | |

**MEMORANDUM**

Appellees have filed a motion to dismiss the appeal, to award costs, and to grant sanctions against Appellant, Romie David Bishop. (D.I. 27). Appellant has filed various motions.

Relevant background to this appeal is that Appellant, who is the debtor in bankruptcy proceedings (Bkr. Case No. 11-12338),[1] filed an adversary complaint (Bkr. Case No. 12-50912) against Appellees (or "Fannie Mae") alleging violations of the Truth in Lending Act. The

---

[1] Other than the present appeal and its predecessor (D. Del. Case No. 13-977), Appellant has filed twelve other cases in this Court, all arising from the bankruptcy case or related adversary proceedings. (D. Del. Nos. 12-253; 12-359; 12-360; 12-374; 12-375; 12-1355; 12-1356; 12-1357; 12-1378; 12-1575; 13-197; 13-958). Appellant complains that they have all been assigned to me (*see* D.I. 29 at 8, ¶ 9 ("8 actions in a row")), but, like most district courts, the practice here is to assign related cases to the same judge.

1

Bankruptcy Court dismissed the adversary complaint for failure to state a claim. Mr. Bishop appealed, and I held, among other things, that the Bankruptcy Court should have allowed Mr. Bishop, who was *pro se*, a chance to amend his complaint. *See In re: Bishop,* 2014 WL 1266363 (D. Del. March 21, 2014). Thus, I remanded the case to Bankruptcy Court. There Appellant amended his complaint (D.I. 1-1 at 4), and the Bankruptcy Court held a trial. Appellant left in the middle of the trial. (D.I. 1-1 at 6-7). The Bankruptcy Court entered a judgment on the merits (as opposed to by default or as a sanction) against Appellant on all seven counts of the Second Amended Complaint on March 2, 2015. (D.I. 1-7; *see* D.I. 1-1 at 8-13). On March 16, 2015, Appellant timely appealed to this Court. (D.I. 1).

In this Court, Appellant has refused to litigate the merits of the appeal. On August 3, I ordered Appellant to file an Opening Brief no later than August 31. (D.I. 19 at 2). Appellant moved for a stay on August 28, which I denied on August 31. (D.I. 22 & 23). Appellant requested reconsideration, which I denied. (D.I. 24 & 25). In the request for reconsideration, Appellant stated he would not file a brief in this Court, and that he "only wished to preserve the entire record for his appeal to the Third Circuit Court of Appeals." (D.I. 24 at 2, ¶ 4). On September 9, I nevertheless extended Appellant's time to file a brief in this Court until September 18, 2015. (D.I. 25 at 2). I warned him that failure to file a brief would constitute failure to prosecute, and be grounds for dismissal of his appeal. On September 18, he filed a pleading indicating he wanted to preserve his right to appeal. The same day, Appellees filed the above-referenced motion to dismiss, to award costs, and to grant sanctions. On October 5, Appellant filed various papers, including some motions. On October 20, Appellant filed a pleading that in part appeared to complain that I had not promptly dismissed the appeal on

September 18. (*See* D.I. 35 at 4, ¶ 9 ("Appellant will not argue any fact before [the district judge], they are on the record that they object to his appointment to 8 consecutive actions."); *id.* at 2-3, ¶¶ 3-5).

On Appellant's motion to change venue (D.I. 29), it is **DENIED** for the same reasons as in the previous appeal. *See In re: Bishop*, 2014 WL 1266363, *3.

On Appellant's motion claiming harmless error (D.I. 32), I **GRANT** the motion, and therefore consider the motion to be heard on the original record (D.I. 28). On Appellant's motion to be heard on the original record (D.I. 28), Appellant cites to Third Circuit L.A.R. 30.2, which provides that the appellate court, "upon motion, may dispense with the requirement of an appendix and permit an appeal or petition to be heard on the original record." I think this motion is moot, in view of Appellant's refusal to participate in the appeal. Thus, I will **DISMISS** the motion as moot. If the motion were not moot, I would grant it, as I have easy electronic access to everything in the record at the Bankruptcy Court.

Appellant, having made it perfectly clear that he is not going to file a brief in compliance with multiple orders of this Court, has failed to prosecute this appeal. The appeal will therefore be **DISMISSED** for failure to prosecute.[2]

---

[2] Given Appellant's filings, it appears to be beating a dead horse to review the *Poulis* factors, but, in an excess of caution, and so the Court of Appeals will have the benefit of my consideration of the factors, I note that: (1) since Mr. Bishop is *pro se*, he is personally responsible for his actions in this litigation; (2) there is prejudice to Appellees, as the costs of litigation keep mounting, and there does not appear to be any reasonable chance that Appellees will be able to recoup those costs from Mr. Bishop, who is in bankruptcy; (3) Mr. Bishop has a history of dilatoriness, which is evidenced in the appellate process not only by attempting to treat the time this appeal has been in this Court (March 2015 to present) as if it is just a rest stop on the way to the Third Circuit, and by not filing briefs when they are due, but instead filing motions to dismiss the other side's briefs, etc., drawing out the process (*see, e.g.*, not only the filings in this case, but also the filings in No. 13-977-RGA, to wit, D.I. 10, 13, 17, 18, 20 [Appellant filing

3

That leaves Fannie Maae's motions for costs and sanctions. Appellant makes no persuasive argument against the imposition of costs and sanctions. (D.I. 35). He has been repeatedly warned that his conduct is sanctionable. "Appellants are advised that future frivolous pleadings may result in financial sanctions and filing limitations." (D.I. 1-1 at 15 & n.31, quoting the Court of Appeals for the Third Circuit in an earlier appeal in this case). Thereafter, the Bankruptcy Court noted, "The conduct displayed by Mr. Bishop is unacceptable, and he has been warned numerous times during this litigation. The Court will not hesitate to issue sanctions in the future should Mr. Bishop's conduct continue." (D.I. 1-1 at 15). In my opinion, filing an appeal and then refusing to participate in the briefing on the merits is vexatious conduct and makes the appeal frivolous.

Appellees are entitled to an award of costs. *See* Fed. R. App. P. 39(a). The Court will enter a separate order directing that Appellees file a bill of costs within fourteen days.[3]

Further, Appellees ask for a "compensatory sanction." (D.I. 27-2 at 2, ¶ 3.a). It is not clear exactly what they are seeking. Since I have not reached the merits of the underlying litigation, and the Court that did, the Bankruptcy Court, declined to impose sanctions, I would only consider imposing sanctions for the frivolous appeal. Appellees filed a motion (D.I. 27) for

---

motion to strike Appellees' motion to dismiss, followed by motion for reconsideration, followed by an answering brief, resulting in answering brief being filed on November 27 in response to motion and opening brief filed on August 13], or the repetitive frivolous motions to change venue to Florida, filed in both appeals); (4) the conduct is willful and in bad faith, as it is clear that Mr. Bishop's goal here is delay; (5) there are no effective alternative sanctions, as Mr. Bishop is not a lawyer so is not subject to professional discipline, and, in any event, has invited dismissal of the appeal (see D.I. 35 at 2, ¶ 3); and (6) Mr. Bishop has no meritorious claims, as indicated in large part in my earlier opinion in this litigation, *see In re: Bishop*, 2014 WL 1266363, *3-8, and as decided by the Bankruptcy Court after trial.

[3] It is not clear that there are any costs of more than a few dollars.

4

sanctions. *See* Fed. R. App. P. 38 (captioned "Frivolous Appeal–Damages and Costs").
Appellees seek to restrict Mr. Bishop's access to the courts, including prohibiting him from filing
an appeal from this case. (D.I. 27 at 23 (seeking "a prohibition of appealing further the
bankruptcy court's judgment to the Third Circuit")). Appellees go too far, I think, to suggest that
I enter an order prohibiting Mr. Bishop from appealing my decisions. While I think there is
plenty of record evidence showing that Mr. Bishop is a vexatious litigant (likely motivated by the
fact that he has "occupied the [property in question] and ha[s] not made any mortgage payments
in over six years," (D.I. 1-1 at 3)), I think that before restricting his access to the courts, modest
monetary sanctions ought to be attempted. I do not think, however, that I can impose them.
While I do not see Appellees citing to a rule in connection with their request for sanctions, I think
the applicable rule is Fed. R. App. P. 38, which requires a "separately filed motion or notice from
the court and reasonable opportunity to respond." Appellant has had a reasonable opportunity to
respond, but Appellees' motion was part of its motion to dismiss the appeal. Thus, in my
opinion, it was not in a "separately filed motion." *See Higgins v. Vortex Fishing Sys.*, 379 F.3d
701, 709 (9th Cir. 2004); *In re Del Mission*, 98 F.3d 1147, 1154 (9th Cir. 1996); *McDonough v.
Royal Caribbean Cruises*, 48 F.3d 256, 258 (7th Cir. 1995). These cases consider that a request
for attorney's fees and/or sanctions made in an appellate brief do not meet the separately filed
motion requirement. I do not think that a motion made as a part of a twenty-two page pleading
the bulk of which explains why the appeal should be dismissed (and is thus like an appellate

brief) should count as a separately filed motion. Thus, the multi-part motion (D.I. 27) will be

**GRANTED IN PART AND DENIED IN PART.**

                                                                                                           */s/ Richard G. Andrews*
                                                                                                           United States District Judge

October 27, 2015
Wilmington, Delaware